UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JACOB BLAIR and SARAH (DAVID) BLAIR, on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>vs.<br><br>CITY OF HANNIBAL,<br> Serve: Mayor Roy Hark<br>       City of Hannibal<br>       320 Broadway<br>       Hannibal, MO 63401<br><br>and<br><br>REDFLEX TRAFFIC SYSTEMS, INC.,<br> Serve: National Registered Agents, Inc.<br> 120 South Central Ave.<br> Clayton, MO 63105<br><br>and DOES 1 through 24 inclusive,<br><br>           Defendants. | Case No: 2:15-cv-61<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiffs Jacob Blair and Sarah Blair, individually and on all others similarly situated, allege as follows for their Class Action Complaint against the City of Hannibal, Missouri and Redflex Traffic Systems, Inc., as well as DOES 1 through 24, corporate entities currently unknown, ("Redflex" and collectively "Defendants"), state as follows:

**INTRODUCTION**

1. The red light camera program run by Defendants City of Hannibal and Redflex does not comport with Missouri law or the Missouri Constitution. *Roeder v. City of St. Peters*, __ S.W.3d __ (Mo. banc 2015) (No. SC94379); *Tupper v. City of St. Louis*, __ S.W.3d __ (Mo.

banc 2015) (No. SC94212).  *See also Damon v. City of Kansas City*, 419 S.W.3d 162 (Mo. Ct. App. 2013).

2. Plaintiffs bring this class action to seek redress for a void, unlawful, and unconstitutional program that Defendants have operated under the guise of a municipal public safety program known as red light cameras ("Cameras"). Through their use of the Cameras, Defendants have violated Missouri state law as well as the rights and immunities afforded to Plaintiffs and Class by the Missouri Constitution as well as the Constitution of the United States of America.  As such, Plaintiffs and Class seek, among other things, that Defendants return their ill-gotten gains to Plaintiffs and Class.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to grant the relief sought by Plaintiffs in this case pursuant 28 U.S.C. §§ 1331 and 1367.

4. This Court has jurisdiction over Defendant Redflex because Redflex does business in the State of Missouri, has contracted with a Missouri entity (the City of Hannibal), has acted under color of Missouri state law, has violated Missouri law in the State of Missouri, and has sufficient continuing and minimum contacts with the State of Missouri as to purposefully avail itself of the benefits and protections offered by this State and Redflex could reasonably expect to be haled into court in this State.

5. Venue is appropriate in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within Marion County, Missouri and Ralls County, Missouri, which are within this District and Division Further, Defendant Hannibal is located within the District.

## PARTIES

6.      Plaintiff Jacob Blair ("Plaintiff Jacob Blair") resides in St. Louis County, Missouri.  On or about December 2011, Plaintiff Jacob Blair received a ticket as a result of the City of Hannibal Red Light Camera System, was issued a fine and paid the fine, a portion of which, upon information and belief, went to Redflex as revenue under a contract with the City of Hannibal.

7.      Plaintiff Sarah Blair ("Plaintiff Sarah Blair") resides in St. Louis County, Missouri.  On or about 2012 or the beginning of 2013, Plaintiff received a ticket as a result of the City of Hannibal Red Light Camera System, was issued a fine and paid the fine, a portion of which, upon information and belief, went to Redflex as revenue under a contract with the City of Hannibal.

8.      Defendant Hannibal is a city located within the Missouri counties of Marion and Ralls and operates under the laws of the State of Missouri.  Defendant Hannibal is the governmental entity responsible for passing the authorizing ordinance that set the red light camera program in motion and codifying that ordinance into the Code of Ordinances of Hannibal.

9.      Defendant Redflex Traffic Systems, Inc. is a for-profit Delaware corporation conducting business within this District with its principal place of business in the State of Arizona. Redflex markets, installs, operates, and/or maintains red light camera and speed camera products and services to and/or for municipal governments throughout the country.

10.     Does 1-24 are principals, agents, owners, and/or business entities related to or affiliated with Redflex Traffic Systems, Inc. whose identities are currently unknown to Plaintiff.

One or more of these entities may be joined as parties once their identities are disclosed through discovery.

## FACTUAL ALLEGATIONS

11.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Class Action Complaint as if fully set forth herein.

12.     Since approximately 2007, Defendants Hannibal and Redflex entered a contract that permitted Redflex to install and operate the Red Light Camera System in the City of Hannibal.

13.     Based upon published information and belief, Defendants Hannibal and Redflex have shared ticket revenue of approximately $500,000 annually since 2007.

14.     Contrary to Missouri law and the constitutional rights of Plaintiffs and the Class, the ordinance in effect between the time Defendants initiated their Camera program and November 12, 2013, under which Defendants operated their Cameras and issued "notice of violation" did not require Defendants, and upon information and belief, Defendants did not actually report points for a moving violation as required by MO. REV. STAT. § 302.302.1(1).

15.     The ordinance under which Defendants operated is void as conflicting with Missouri law and is further constitutionally invalid because it deprived Plaintiffs and Class of fair notice that Missouri law required tickets issued under Defendants' program could have carried the penalty of having 2 points be assessed to a at the time of the violation. *Roeder v. City of St. Peters*, __ S.W.3d __ (Mo. banc 2015) (No. SC94379)

16.     Contrary to Missouri law and the constitutional rights of Plaintiffs and the Class, the ordinance under which Defendants operated their Cameras and issued "notice of violation" did not require Defendants to prove that Plaintiffs and Class were the *driver* of the vehicle

involved in an alleged moving violation (i.e., running a red light)—rather Defendants operated their program while only showing that ticket recipients such as Plaintiffs and Class were *owners* of the vehicle at issue.

17. The ordinance under which Defendants operated is constitutionally invalid because it creates a rebuttable presumption that shifts the burden of persuasion onto the defendant to prove that the defendant was not operating the motor vehicle at the time of the violation. *Tupper v. City of St. Louis*, __ S.W.3d __ (Mo. banc 2015) (No. SC94212).

18. Defendants have no sovereign immunity, qualified immunity, or other immunity given the circumstances and constitutional violations alleged in this Complaint. Furthermore, to the extent Defendants' conduct is found to be a tort, no immunity applies and Defendants are liable because their conduct constituted a "proprietary function" rather than a "governmental function". In addition, to the extent Defendants have procured insurance, they have waived sovereign immunity for the amount insured under the policy.

## CLASS ALLEGATIONS

19. Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Class Action Complaint as if fully set forth herein.

20. Plaintiff brings this Complaint as a class action pursuant to FED. CIV. R. PROC. 23(B)(3). Plaintiff seeks to represent one Class comprised of:

> All persons that were issued a Red Light Camera Ticket in Hannibal, Missouri from inception until November 12, 2013 and paid the associated fine who have claims within the statute of limitations period.

21. **Numerosity.** Upon information and belief, thousands of persons were issued Red Light Camera tickets between 2007 and November 12, 2013 and paid the associated fine, of which a portion went to Redflex as revenue. As such, the Class consists of individuals so

numerous that joinder of all members is impracticable. The exact number of persons in the Class (as well as their names, addresses and phone numbers) can be determined from Defendants' records.

22. **Common Questions of Law and Fact**. The questions of law and fact are the same for all Class members, and such questions predominate over questions affecting Plaintiffs or other individual members, including, but not limited to:

   a. Whether Defendants were unjustly enriched and received ill-gotten gains deriving from revenue generated by the illegal Red Light Camera Ticket program and contract with the City of Hannibal;

   b. Whether Defendants unjustly received revenues for performing Digital Image Verification or "pre-screening" services that constituted an unconstitutional delegation of police power.

   c. Whether said retention of revenue from the illegal Red Light Camera Ticket program constitutes a detriment to the class of plaintiffs asserted herein;

   d. Whether or not Defendants' retention of the benefit violates the fundamental principles of justice, equity, and good conscience;

23. **The Plaintiffs' Claims are Typical of the Class.** Plaintiffs' claims are typical of the Class in that they all arise from Defendants' unjust retention of ill-gotten gains (revenue) secured through illegal means. All claims are based on the same facts and the same legal theories. Plaintiffs have no interests antagonistic to those of the Class, and Defendants have no defenses unique to these Plaintiffs.

24. **The Plaintiffs Will Fairly and Adequately Protect the Class**. Plaintiffs will adequately represent and protect the interests of the Class because their interests in the litigation

are not antagonistic to the interests of the other members of the Class, and Plaintiffs have retained competent class counsel.

25. The prosecution of separate actions by each member of the Class would create a substantial risk of inconsistent or varying adjudications with regard to individual members of the Class that would establish incompatible standards of conduct for Defendant.

26. The prosecution of separate actions by each member of the Class would also create a substantial risk of adjudication with respect to individual members of the Class which, as a practical matter, would be dispositive of the interest of other members not parties to the adjudication, thereby substantially impairing and impeding their ability to protect these interests.

27. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

28. Plaintiff does not anticipate any difficulty in the management of this litigation.

## COUNT I: UNJUST ENRICHMENT AGAINST DEFENDANT HANNIBAL

29. Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Class Action Petition as if fully set forth herein.

30. For the reasons set forth in this Complaint, the ordinance in effect in the City of Hannibal between 2007 and November 12, 2013 is void, invalid, and/or unconstitutional.

31. Defendant Hannibal knew or had reason to know that its ordinance was void, invalid, and/or unconstitutional.

32. Defendant Hannibal knew or had reason to know that collecting fines under the ordinance was illegal and inequitable.

33. As such, it was unlawful, inequitable, and unjust for Defendant Hannibal to issue Citations, prosecute vehicle owners, collect fines, and/or otherwise subject Plaintiffs and Class to further legal action, including arrest and imprisonment, pursuant to the ordinance.

34. Plaintiffs and Class have conferred a benefit on Defendant Hannibal by making payments pursuant to the unlawful and void ordinance.

35. Defendants Hannibal has accepted and retained monies paid by Plaintiffs and Class in the form of fines, costs, and fees pursuant to the unlawful and void ordinance.

36. Defendant Hannibal acknowledged receipt of the unjust benefit conferred by Plaintiff and Class by treating the payment of the fine as satisfaction of the penalty for violating the ordinance and by ceasing to pursue further legal action against Plaintiffs and Class.

37. Because the Ordinances are unlawful or void, it would be unjust for Defendant Hannibal to retain any benefit in the form of fines paid by Plaintiffs and Class.

38. Defendant Hannibal possesses monies which rightfully belong to Plaintiffs and Class because these monies were collected by means of an unlawful or void Ordinances, and which in good conscience ought to be paid back to Plaintiffs and Class.

39. As such, it is unjust, inequitable, and/or unconscionable for Defendant Hannibal to retain monies paid by Plaintiff and Class pursuant to the Ordinances.

40. As a result of the Ordinances and Defendant Hannibal's conduct, Hannibal has been unjustly enriched at the expense of Plaintiffs and Class in excess of $75,000.

41. Plaintiffs and Class claim all legal and equitable remedies, including restitution, which they are entitled by law to recover from Hannibal for the injuries and losses set forth herein.

42. The conduct of Defendant was malicious and either intentional or reckless to a degree sufficient to support an award of punitive damages against Defendant.

**WHEREFORE**, Plaintiffs and Class pray for the relief requested in the Request for Relief set forth at the end of this Complaint.

## COUNT II: UNJUST ENRICHMENT AGAINST DEFENDANT REDFLEX

43. Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Class Action Complaint as if fully set forth herein.

44. The red light Camera program and the ordinance enabling that program are unlawful, void, conflict with Missouri state law, and violate the Missouri Constitution for multiple reasons, as shown above, including the fundamental rights of Plaintiffs and Class.

45. Defendant Redflex knew or had reason to know that the ordinance was void, invalid, and/or unconstitutional.

46. Defendant Redflex knew or had reason to know that collecting fines under the ordinance was illegal and inequitable.

47. Plaintiffs and Class conferred a benefit on Defendant Redflex by being assessed and paying a fine, of which Defendant Redflex received at least a portion.

48. After receiving said payments, Redflex recognized that a benefit was conferred by receiving money from the Accused through Hannibal and/or performing record keeping functions to document incoming funds from Hannibal on behalf of Plaintiffs and Class.

49. Redflex has accepted and retained monies in the form of fines, costs, and fees derived from Plaintiffs and Class pursuant to the Ordinances and Defendants' red light Camera program by virtue of its contract with Defendant Hannibal.  It is believed that money received by Redflex correlated to the volume of tickets issued as a result of the Cameras.

50. Because the Ordinance is void and unlawful, it would be unjust for Redflex to retain any benefit in the form of monies paid by Plaintiffs and Class.

51. Redflex possesses monies which rightfully belong to Plaintiffs and Class because these monies were collected by means of void and unlawful ordinance, and which in good conscience ought to be paid back to Plaintiff and Class.

52. As such, it is unjust, inequitable, and/or unconscionable for Redflex to retain monies paid by Plaintiff and Class pursuant to the Ordinances.

53. As a result of the Defendants' red light camera program and Redflex's conduct as a part of that program, Redflex has been unjustly enriched at the expense of Plaintiffs and Class.

54. Plaintiffs and Class claim all legal and equitable remedies, including restitution, which they are entitled by law to recover from Redflex for the injuries and losses set forth herein.

55. The conduct of Defendant was malicious, corrupt, and either intentional or reckless to a degree sufficient to support an award of punitive damages against Defendant.

**WHEREFORE**, Plaintiffs and Class pray for the relief requested in the Request for Relief set forth at the end of this Petition.

## COUNT III: DAMAGES FOR VIOLATION OF MO. REV. STAT. §484.010, ET SEQ., AGAINST REDFLEX

56. Plaintiffs re-allege and incorporate by reference all preceding paragraphs of this Class Action Complaint as if fully set forth herein.

57. MO. REV. STAT.§ 484.010, prohibits any association or corporation, except a professional corporation organized pursuant to the provisions of Chapter 356, R.S.Mo., from engaging in the practice of law or doing law business, and further provides that any association

or corporation that violates this prohibition shall be subject to being sued for treble the amount paid to it for any services rendered in violation of this prohibition.

58. MO. REV. STAT. § 484.010, defines the "practice of law" includes "the drawing of papers, pleadings or documents or the performance of any act in such capacity in connection with proceedings pending or prospective before any court of record, commissioner, referee or any body, board, committee or commission constituted by law or having authority to settle controversies."

59. MO. REV. STAT. § 484.020, prohibits Defendant's behavior, in that "No person shall engage in the practice of law or do law business, as defined in section 484.010, or both, unless he shall have been duly licensed."

60. Defendant Redflex and its employees are prohibited from engaging in the practice of law or doing law business in the State of Missouri.

61. As alleged previously in this Complaint, Redflex played an integral role in the red light Camera program, which is believed to include advising Defendant Hannibal about setting up the Camera program, analyzing and making judgments regarding whether a violation occurred in situations captured on the Camera, sending notices of violations, collecting fines, and providing a "customer service" line.

62. Upon information and belief, Redflex encouraged and/or advised the Accused to simply pay the fine, among other statements that constitute the unauthorized practice of law.

63. In addition, Redflex or its paid employees (who were not attorneys licensed in the state of Missouri) acted as law enforcement officers in making the initial determination that the ordinance had been violated, in receiving affidavits from car owners, and in sending out notices of the violations; and acted as the judge in considering and ruling on affidavits and/or other

submissions from owners who allege they were not the driver at the time of the offense, and in accepting the plea of guilty and receiving the fines.

64. Redflex has engaged in the practice of law and/or the doing of law business in the State of Missouri and is thus liable for treble damages to Plaintiff and Class.

65. The conduct of Defendant was malicious and either intentional or reckless to a degree sufficient to support an award of punitive damages against Defendant.

**WHEREFORE**, Plaintiff and Class pray for the relief requested in the Request for Relief set forth at the end of this Complaint.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs and Class pray for the following relief:

A. An order certifying the Class as requested herein;

B. An order appointing the undersigned as lead counsel for the Class;

C. A judgment in favor of Plaintiffs and the Class awarding restitution, disgorgement of all monies acquired by Defendants by means of any code or ordinance declared by this Court to be unlawful, compensatory damages, enhanced damages, punitive damages, and/or all other appropriate damages to Plaintiffs and members of the Class;

D. A judgment awarding attorneys' fees and costs;

E Providing such further relief as may be fair and reasonable.

### JURY TRIAL DEMAND

Dated: August 25, 2015                           Respectfully Submitted,

                                            STURYCZ WATTS, LLC

                                            _s/ Nathan D. Sturycz_
Nathan D. Sturycz, #61744MO
Patrick A. Watts, #61701MO
Joel S. Halvorsen, #67032MO
5757 Phantom Drive, Suite 250
St. Louis, MO 63042
Phone: (877) 314-3223
Fax: (888) 632-6937
nathan@swattslaw.com
pwatts@swattslaw.com
joel@swattslaw.com

*Attorneys for Plaintiffs*