UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

JACOB BLAIR, et al.,                    )
                                        )
            Plaintiffs,                 )
                                        )
      vs.                               )       Case No. 2:15CV00061 ERW
                                        )
CITY OF HANNIBAL, et al.,               )
                                        )
            Defendants.                 )

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Redflex Traffic Systems, Inc.'s Motion for Judgment on the Pleadings [ECF No. 19].

## I.    BACKGROUND

Plaintiffs Jacob Blair and Sarah Blair ("Plaintiffs") filed a Class Action Complaint in this Court on August 25, 2015, against Defendants City of Hannibal ("Hannibal"), Redflex Traffic Systems, Inc. ("Redflex") and Does 1 through 24 alleging Hannibal's red light camera program is unconstitutional [ECF No. 1]. On November 16, 2015, Plaintiffs filed an Amended Complaint against Defendants asserting the following eight counts: (1) Declaratory Judgment and Injunction pursuant to Missouri Revised Statute § 527.010 *et seq*; (2) Violation of Plaintiffs' Constitutional Rights under the Fifth and Fourteenth Amendments of the United States Constitution and Article I § 10 of the Missouri Constitution; (3) Unjust Enrichment, (4) Abuse of Process; (5) Civil Conspiracy; (6) Aiding and Abetting against Redflex; (7) Damages for Violation of Missouri Revised Statute § 484.010, *et seq*, against Redflex; and (8) Money Had and Received [ECF No. 16].  On November 20, 2015, Redflex filed the pending Motion for

1

Judgment on the Pleadings requesting the Court dismiss all claims against Redflex with prejudice.

The Court adopts the following statement of facts as well-pleaded allegations in Plaintiffs' Complaint [ECF No. 16]. *Ginsburg v. Inbev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). On or about May 18, 2007, Hannibal and Redflex entered into a contract for Redflex to install and operate a red light camera system in Hannibal. In December 2011, Plaintiff Joseph Blair received a ticket as a result of the red light camera system, was issued a fine, and paid the fine. At the end of 2012, or beginning of 2013, Plaintiff Sarah Blair received a ticket as a result of the red light camera system, was issued a fine, and paid the fine. Defendants shared revenue of approximately $500,000 annually since 2007, a sum greater than the cost of the program.

Redflex played an integral role in the program including advising Hannibal about the program, analyzing and making judgments regarding whether a violation occurred, sending notices of violations, collecting fines, and providing a customer service line. Redflex advised persons who had received notices of violation to pay the fine. Redflex and its paid employees are not attorneys licensed in the State of Missouri.

On June 19, 2007, the Hannibal City Council passed Ordinance 4412 which allowed for detection of violations of traffic control ordinances through an automated red light enforcement system.[1] On March 6, 2012, the Hannibal City Council revoked Ordinance 4412 and replaced it with Ordinance 4599 which governed the use of the automated red light enforcement system. On

---

[1] These facts are not in Plaintiffs' complaint but are contained in the Ordinances. The Court is permitted to take judicial notice of public records and consider them on this motion. *See Blankenship v. Medtronic Inc.*, 6 F.Supp.3d 979, 983 n.1 (E.D. Mo. 2014).

November 12, 2013, Hannibal City Council revoked Ordinance 4599 and replaced it with Ordinance 4652 to govern the use of the automated red light enforcement system.[2]

Redflex filed the pending Motion for Judgment on the Pleadings asserting the following arguments: (1) Plaintiffs' claims are barred by the government contractor defense; (2) Plaintiffs' claim for violation of constitutional rights fails because Redflex did not engage in any conduct which caused Plaintiffs to suffer injury; (3) Plaintiffs' claim for abuse of process fails because Redflex did not issue process; (4) Plaintiffs' claim for unauthorized practice of law fails because Plaintiffs did not pay Redflex any consideration for legal advice; (5) Plaintiffs' claims for unjust enrichment and money had and received fail because Plaintiffs did not pay Redflex anything and the voluntary payment doctrine bars these claims; (6) Plaintiffs' claim for civil conspiracy fails because Plaintiffs fail to plead sufficient facts to support a conspiracy theory; and (7) Plaintiffs' aiding and abetting claim fails because Plaintiffs' theories of liability do not constitute causes of action under Missouri law.

## II.     STANDARD

Generally, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a 12(b)(6) motion to dismiss. *Ginsburg,* 623 F.3d at 1233, n. 3; *Clemons v. Crawford,* 585 F .3d 1119, 1124 (8th Cir. 2009); *Ashley County v. Pfizer,* 552 F.3d 659, 665 (8th Cir. 2009). The Court must view the allegations in the Complaint liberally and in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.,* 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto. Servs,,* 432 F.3d 866, 867 (8th Cir. 2005)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving

---

[2] The Court will refer to the red light system created in the Ordinances and administered by Hannibal and Redflex as the red light program.

party." *Coons v. Mineta,* 410 F.3d 1036, 1039 (8th Cir. 2005). A complaint must have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957)). To prove the grounds for entitlement of relief, a plaintiff must provide more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.,* 550 U.S. at 555; *Huang v. Gateway Hotel Holdings,* 520 F.Supp.2d 1137, 1140 (E.D.Mo. 2007).

"[T]he Court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint.'" *State ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir. 1999). Additionally, the Court may consider materials that are "necessarily embraced by the pleadings." *Piper Jaffray Cos. v. National Union Fire Ins. Co.,* 967 F. Supp. 1148, 1152 (D.Minn. 1997); *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

## III. DISCUSSION

Redflex asserts seven arguments to support its assertion Plaintiffs' claims should be dismissed. The Court will address each as follows.

### A. *Government Contractor Defense*

First, Redflex asserts all of Plaintiffs' claims should be dismissed pursuant to the government contractor defense. Redflex claims Hannibal is entitled to sovereign immunity, it performed its obligations in a non-negligent manner, and Plaintiffs did not allege a willful tort. Plaintiffs respond Redflex is not entitled to the government contractor defense because Hannibal is not entitled to sovereign immunity, Redflex did perform in a negligent manner, and Redflex engaged in a willful tort.

4

The government contractor defense provides a private party who enters into a contract for performance of public works with a public entity shares the immunity of the public entity if the private party is not guilty of negligence. *Rector v. Tobin Constr. Co.*, 377 S.W.2d 409, 413 (Mo. banc 1964). A private party is also not entitled to the defense when it engages in a willful tort. *Id.* To determine if Redflex is entitled to the government contractor defense, the Court must determine if Hannibal is entitled to sovereign immunity and if, based on the facts pleaded, Redflex performed its duties negligently or committed a willful tort.

    1.  Sovereign Immunity

A state may not be sued without its consent. *Kleban v. Morris*, 247 S.W.2d 832, 836 (Mo. 1952). Missouri Revised Statute 537.600 creates two exceptions: (1) injuries resulting from negligent acts by a public employee out of the operation of motor vehicles in the course of their employment, and (2) injuries caused by the condition of a public entity's property if it is established the property was in a dangerous condition. This statute solely governs the State's sovereign immunity from liability in tort; it does not govern immunity under non-tort theories of recovery. *Kubley v. Brooks*, 141 S.W.3d 21, 29 (Mo. 2004). A state entity may also waive immunity from suit by entering into an express contract. *Id.* at 28. "[W]hen the State enters into a validly authorized contract, it lays aside whatever privilege of sovereign immunity it otherwise possesses and binds itself to performance, just as any private citizen would do by contracting." *Id.* at 30 (quoting *V.S. DiCarlo Const. Co., Inc. v. Missouri*, 485 S.W.2d 52, 54 (Mo. 1972). This does not mean all claims sounding in contract are exempt from the application of sovereign immunity. *State ex rel. Mo. State Highway Patrol v. Atwell*, 119 S.W.3d 188, 190 (Mo. Ct. App. 2003) (*abrogated on other grounds by Kubley v. Brooks*, 141 S.W.3d 21 (Mo. 2004)). A state can also waive sovereign immunity through the purchase of liability insurance. Mo. Rev. Stat. §

537.610; *see also* Mo. Rev. Stat. § 71.185. Liability of a public entity is the exception to the general rule; thus, a plaintiff must plead specific facts showing his claims are within the exception. *Meyers v. Red Roof Inns, Inc.*, No. 4:15CV00393 ERW, 2015 WL 1650904 at *2 (E.D. Mo. Apr. 14, 2015) (citing *Hummel v. St. Charles City R-3 School Dist.*, 114 S.W.3d 282, 284 (Mo. Ct. App. 2003)).[3]

Municipalities are considered entities of the state but are not entitled to sovereign immunity in all circumstances. *Meyers*, 2015 WL 1650904 at *2 (citing *Gregg v. City of Kansas City*, 272 S.W.3d 353, 359 (Mo. Ct. App. 2008)). They are only entitled to sovereign immunity when engaged in governmental functions. *Sykes v. City of Pine Lawn*, No. 4:15CV00462 AGF, 2015 WL 4162775 at *2 (E.D. Mo. Jul. 9, 2015) (citing *Richardson v. City of St. Louis*, 293 S.W.3d 133, 136 (Mo. Ct. App. 2009)). Governmental functions are those performed for the common good of all unlike proprietary functions which are performed for the benefit or profit of the municipality as a corporate entity. *Id*. Enforcing laws and ordinances is a governmental function entitling municipalities to immunity from liability. *Gregg v. City of Kansas City*, 272 S.W.3d 353, 361 (Mo. Ct. App. 2008).

In this matter, the exceptions to sovereign immunity delineated in § 537.600 do not apply as this matter does not involve the negligent operation of a motor vehicle or the dangerous condition of public property. The waiver of sovereign immunity by entering an express contract also does not apply because Plaintiffs have not entered into an express contract with Hannibal or Redflex. The only contract is between Redflex and Hannibal and neither is asserting claims against the other. In their Complaint, Plaintiffs allege Hannibal has waived sovereign immunity

---

[3] Other exceptions to sovereign immunity can be found in Missouri common law or delineated in statute. The Court does not discuss these exceptions as they were not raised by either party.

through the purchase of liability insurance. A public entity only waives sovereign immunity through the purchase of liability insurance to the extent of or for the specific purposes covered by the insurance purchased. *Brennan By & Through Brennan v. Curators of the Univ. of Mo.*, 942 S.W.2d 432, 434 (Mo. Ct. App. 1997). Plaintiffs must allege the existence of the insurance and that it covers the claims asserted. *Id.* at 436. Plaintiffs have not done so here. Because Plaintiffs do not fit into any of the exceptions, Plaintiffs have not penetrated Hannibal's sovereign immunity. *Id.* The next issue to determine in the sovereign immunity analysis is whether Hannibal was engaged in a governmental function while enforcing the red light camera program.

There is no question, enacting and enforcing ordinances are governmental functions. *See Gregg*, 272 S.W.3d at 361. However, Plaintiffs assert Hannibal was not performing a governmental function but was acting as a private person or corporation, because the red light program is, according to Plaintiffs, purely a money making scheme and negatively impacts public safety. Plaintiffs contend Hannibal was engaging in a proprietary, non-governmental function.

When determining if an activity is governmental or proprietary, "the nature of the particular defendant's conduct is often less important than the generic nature of the activity." *State ex re. Bd. of Trustees of City of N. Kansas City Mem'l Hosp v. Russell*, 843 S.W.2d 353, 359 (Mo. 1992). Even if the sole motivation of the local government was profit, the activity can still be governmental. *Id.* Although Plaintiffs, in their Complaint, repeatedly conclude Hannibal's ordinance was purely for revenue and profit, they plead no facts in support of this proposition. The only fact they include is Hannibal and Redflex made over $500,000.00 in revenue from this program, although the cost is lower than the amount collected. The contract between Redflex and Hannibal states a flat fee of $39.00 per paid citation will be paid to Redflex. There are no facts

7

stating how much in profit Hannibal is making from this program, how much the program costs, or any other facts. The generic nature of the activity at issue here is governmental, and with little to no facts to suggest otherwise, the Court must conclude the red light program is a governmental function. Therefore, Hannibal is entitled to sovereign immunity because the municipality was engaged in a governmental function and the claims do not fall under an exception to sovereign immunity.

### 2.    Negligence

The second requirement for the application of the government contractor defense is Redflex must not be guilty of negligence. *Rector*, 377 S.W.2d at 413. Negligence is "conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm." *Gibson v. Brewer*, 952 S.W.2d 239, 246 (Mo. 1997). While Plaintiffs argue in their response brief Redflex performed its obligations in a negligent manner, they included no allegations in their Complaint, or response brief, to suggest negligence. The basis of Plaintiffs' Complaint is not Redflex performed its duties negligently but that the entire premise of the program is unconstitutional. There are no facts to suggest Redflex negligently performed its duties under the contract with Hannibal.

### 3.    Willful Tort

The final requirement for application of the government contractor defense is Redflex must not have engaged in a willful tort. *Rector*, 377 S.W.2d at 413. For a tort to be willful, the harm must have been intended. *Id.* at 414. "A voluntary act may result in injury to another, but it is only when *the harm* is intentionally inflicted that there is a willful tort." *Id.* (emphasis original). Plaintiffs sufficiently allege Redflex intended to inflict harm on Plaintiffs. For example, Plaintiffs alleged ". . . to expose a void, unlawful, and unconstitutional ordinance

8

scheme that Defendants have exploited to engage in an underhanded practice of generating revenue under the guise of a public safety program . . ." ECF No. 16, ¶ 36. Plaintiffs further alleged "Defendants knew or had reason to know that its ordinance was void, invalid, and/or unconstitutional," and "Defendants knew or had reason to know that collecting fines under the ordinance was illegal and inequitable." ECF No. 16, ¶¶ 82, 83.

Because Plaintiffs are pursuing claims which do not require intent to be proved, Redflex asserts, under the claims as currently pled by Plaintiffs, they cannot be liable for a willful tort. Redflex is arguing Plaintiffs must have asserted claims for intentional torts. However, the focus in Missouri case law is whether the harm alleged is intended. In *Rector*, the Missouri Supreme Court held the harm was sufficient to support a charge of trespass, but because the defendants did not intend to "invade the interests of the plaintiff," there was no willful tort. 377 S.W.2d at 414. Therefore, the Court held the private contractor was entitled to immunity. *Id*. Because Plaintiffs have alleged the harm was intended by Redflex, there is the possibility Redflex committed a willful tort; thus, judgment for Redflex at this stage of the litigation based on the government contractor defense is inappropriate.[4]

B.    *Constitutional Claims*

Next, Redflex asserts Count II for alleged violations of Plaintiffs' constitutional rights should be dismissed because Redflex did not engage in any conduct which caused Plaintiffs to suffer injury. Redflex argues Plaintiffs cannot allege it acted under color of law and Plaintiffs fail to allege any facts to support a claim it violated Plaintiffs' constitutional rights. Redflex is claiming only Hannibal's conduct violates Plaintiffs' constitutional rights. Plaintiffs contend

---

[4] The Court does not foreclose the opportunity for application of the government contractor defense at a later state in the litigation.

Redflex was acting under color of law because its camera systems provided the basis for which violations were issued.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) the defendant acted under color of state law, and (2) defendant's alleged conduct deprived the plaintiff of a constitutionally-protected federal right. *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009). The conduct at issue must be fairly attributable to the state to be considered under color of state law. *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "Factors to be considered include: the extent to which the actor relies on governmental assistance and benefits; whether the actor is performing a traditional government function; and whether the incident is aggravated in a unique way by the incidents of governmental authority." *Id*. (citing *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 621-22 (1991)).

The case law is inconclusive on whether Redflex's conduct is fairly attributable to the state to be considered under color of state law. However, the Court need not decide this issue because Plaintiffs have not alleged Redflex engaged in any conduct which deprived Plaintiffs of a constitutionally-protected federal right. The allegations in Count II of Plaintiffs' Complaint state Hannibal, through the Ordinances, forces vehicle owners to prove their innocence rather than being afforded the presumption of innocence, and compels them to testify to avoid a penalty. Further, Plaintiffs allege their due process rights were violated because the Ordinances were enacted without proper authority from the State of Missouri, and are in conflict with Missouri law. These allegations all concern the conduct of *Hannibal* in enacting and enforcing the Ordinances. Throughout Count II, Plaintiffs repeatedly refer to the conduct of *Hannibal* but do not specifically allege any conduct of Redflex which amounts to a constitutional violation.

10

While Redflex provided the photographs of vehicles driving through intersections, Plaintiffs do not allege Redflex participated in enacting the Ordinance. Additionally, the agreement between Redflex and Hannibal specifically states an authorized officer, which is defined as a sworn police officer, shall review the data and determine whether a citation shall be issued. ECF No. 20-1, § 1.1, 3.3.5. The agreement also states Hannibal will prosecute citations and collect fines. ECF No. 20-1, § 3.4. This is reflected in the Ordinances as well. Plaintiffs have not alleged Redflex deprived Plaintiffs of their constitutional rights. Therefore, Count II against Redflex will be dismissed.

### B.     *Unjust Enrichment and Money Had and Received Claims*

Redflex asserts Count III, a claim for unjust enrichment, and Count VIII, a claim for money had and received, should be dismissed because Plaintiffs did not pay Redflex and there is nothing inequitable about Redflex retaining the monies Hannibal paid Redflex under the agreement. Redflex also contends the voluntary payment doctrine bars these claims. Plaintiffs argue Redflex actively participated in an illegal program which resulted in Plaintiffs' money being conferred on Redflex; thus, Redflex can be liable for unjust enrichment and money had and received. Further, Plaintiffs claim it is inequitable for Redflex to retain the monies it collected from Plaintiffs through Hannibal.

In Missouri, claims for unjust enrichment and money had and received are essentially the same suit with few differences. *See Fulton Nat. Bank v. Callaway Mem'l Hosp.*, 465 S.W.2d 549, 553 (Mo. 1971) (Finding, essentially, a suit for money had and received is one for unjust enrichment). To establish unjust enrichment, a plaintiff must show the following: (1) plaintiff conferred a benefit on defendant, (2) defendant appreciated the benefit, and (3) defendant accepted and retained the benefit under inequitable and/or unjust circumstances. *Howard v.*

*Turnbull*, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010). "[I]f no injustice results from the defendant's retention of the benefit, then no cause of action for unjust enrichment will lie." *Id.* at 436 (quoting *White v. Pruiett*, 39 S.W.3d 857, 863 (Mo. Ct. App. 2001)). A plaintiff also cannot recover under unjust enrichment if there is an express contract between the parties. *Id.* In determining if it is unjust for a defendant to retain the benefits, courts consider a change of position, hardship, unreasonable delay, unclean hands, bad faith, and other equitable principles of defense. *Farmers New World Life Ins. Co., Inc. v. Jolley*, 747 S.W.2d 704, 705 (Mo. Ct. App. 1988). Similarly, to establish a claim for money had and received, a plaintiff must show (1) defendant received or obtained possession of plaintiff's money, (2) defendant appreciated a benefit, and (3) defendant's acceptance and retention of the money was unjust. *Sch. Dist. of Kansas City, Mo. v. Mo. Bd. of Fund Comm'rs*, 384 S.W.3d 238, 272 (Mo. Ct. App. 2012).

A defense to both a claim for unjust enrichment and a claim for money had and received is the voluntary payment doctrine. *Huch v. Charter Commc'n, Inc.*, 290 S.W.3d 721, 726 (Mo. 2009); *Howard*, 316 S.W.3d at 437. "If a plaintiff has voluntarily paid money with full knowledge of all of the facts in the case, he or she cannot then recover the payment." *Ballard v. City of Creve Coeur*, 419 S.W.3d 109, 123 (Mo. Ct. App. 2013). Money cannot be recovered if the payment was made under a mistake of law. *Id.* "A mistake of law occurs where a person is truly acquainted with the existence or nonexistence of facts, but is ignorant of, or comes to an erroneous conclusion as to, their legal effect." *Id.* (quoting *Am. Motorists Ins. Co. v. Shrock*, 447 S.W.2d 809, 811 (Mo. Ct. App. 1969)). Even when there is a mistake of law, when money is paid under duress or fraud, the voluntary payment doctrine is not applicable. *Damon v. City of Kansas City*, 419 S.W.3d 162, 193 (Mo. Ct. App. 2013).

Three Missouri Court of Appeals cases have addressed the issue of unjust enrichment claims and the voluntary payment doctrine in the context of red light camera ordinances, and each has come to a different result. The first case, *Ballard v. City of Creve Coeur*, dismissed the unjust enrichment claim against both the municipality and the camera company finding the voluntary payment doctrine denied the plaintiff restitution for the fine she paid. 419 S.W.3d at 124. The Eastern District Court of Appeals held a mistake as to the validity and enforceability of an ordinance is an issue of law and no inequitable conduct occurred because municipalities are entitled to presume their laws are constitutional and enforceable. *Id.* at 123.

In the second case, *Damon v. City of Kansas City*, the unjust enrichment claim was allowed to proceed. 419 S.W.3d at 194. The Western District Court of Appeals held the plaintiffs alleged duress as a result of Kansas City's threats to take further legal action against the accused including arrest and imprisonment, which prevented the application of the voluntary payment doctrine. *Id.* at 193. Further, the Court found Kansas City is not entitled to pursue legal action where they knew the ordinance and collection procedure were illegal, as alleged in the plaintiffs' complaint. *Id*.

In the third case, *Brunner v. City of Arnold*, the unjust enrichment claim was dismissed as to the municipality but was allowed to proceed against the camera company. 427 S.W.3d 201, 235-36 (Mo. Ct. App. 2013). The Eastern District Court of Appeals held Missouri courts do not recognize the threat of legitimate legal process as duress; thus, the claim for unjust enrichment against the municipality must be dismissed. *Id.* at 235.[5] However, the Court permitted the unjust enrichment claim against the camera company to proceed finding there were questions remaining

---

[5] Similarly, in *Unverferth v. City of Florissant*, the Eastern District of Appeals dismissed an unjust enrichment claim against both the municipality and the camera company because the threat of legitimate legal process is not considered duress in Missouri. 419 S.W.3d 76, 107 (Mo. Ct. App. 2013) *overruled on other grounds by City of Moline Acres v. Brennan, Mo.*, 470 S.W.3d 367 (Mo. 2015).

regarding whether the municipality surrendered its governmental functions to the camera company, and if it did, then it would be unjust for the camera company to retain the fines collected. *Id.*

In analyzing Plaintiffs' unjust enrichment claim and claim for money had and received against Redflex, as the Eastern District Court of Appeals said in *Brunner*: "we take [a] hike through a legal . . . minefield." The allegations in Plaintiffs' Complaint are a litany of legal conclusions and bare-boned allegations, none of which establish fraud or duress. Plaintiffs allege Defendants knew the ordinance was invalid, seemingly to comply with *Damon*. But in *Damon*, the plaintiffs did not simply allege defendants knew the ordinance was illegal, instead they alleged facts which supported the conclusion defendants knew the ordinance was illegal such as the camera company had an opinion from legal counsel the ordinance was invalid but, notwithstanding that knowledge, went forward with the program. 419 S.W.3d at 194. Also, elected representatives of the city admitted the purpose of the camera program was to make money and most of the income would go to the camera company. *Id*. Here, there are no similar allegations, only the statement Defendants knew the program was illegal. Also, the agreement is clear Hannibal and Redflex believed the ordinance to be valid, as it includes language to terminate the agreement if the ordinance is invalidated. ECF No. 20-1, § 6.1. Additionally, Hannibal changed the ordinance twice to comply with Missouri law as opinions were issued by the Missouri appellate courts. ECF Nos. 20-4, 20-5, 20-6. When changing the ordinance, Hannibal stated "Whereas, however, there has been recent case law in the Eastern District Court of Appeals which has more clearly delineated the law in Missouri in this regard . . . " ECF No. 20-5. As stated in *Ballard*, even if the ordinance was enacted to generate revenue rather than to

14

regulate public safety, restitution is not available through these claims because this is a mistake of law on the part of the plaintiffs. 419 S.W.3d at 122-123.[6]

Plaintiffs allege in their complaint they were defrauded regarding their rights and coerced into payment because they had no choice but to pay the fine or offer testimony. But the ordinances clearly provide for a court date, at which the photographs will be presented as evidence of a violation, and this notice must be provided on the summons. ECF No. 20-4, § 17-306, 20-5, § 17-509; 20-6, § 17-509. The only facts which Plaintiffs include in their Complaint are they received violations and paid the fines. There are no facts to support payment of the fine under duress, or how they felt they were defrauded. Plaintiffs must supply more than labels and a bare recitation of the elements. In their brief, Plaintiffs argue discovery is needed to determine the conditions under which Plaintiffs paid the fines, whether under duress, fraud, mistake of law, or mistake of fact. This argument is not persuasive as the Eighth Circuit has held discovery follows the filing of a well-pleaded complaint; it is not the device to enable a plaintiff to make a case when his complaint has failed to state a claim. *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981).

Lastly, unlike in *Brunner*, where there was a question of whether the municipality had surrendered its governmental functions to the camera company, there are no such allegations Hannibal surrendered its governmental functions to Redflex. 427 S.W.3d at 235. Although Plaintiffs contain numerous allegations as to the unconstitutionality of the ordinance, none of them concern surrendering governmental functions. Therefore, the Court finds Plaintiffs cannot

---

[6] "A mistake of law occurs where a person is truly acquainted with the existence or nonexistence of facts, but is ignorant of, or comes to an erroneous conclusion as to, their legal effect." *Ballard*, 419 S.W.3d at 123 (quoting *Am. Motorists Ins. Co. v. Shrock*, 447 S.W.2d 809, 811 (Mo. Ct. App. 1969)).

establish a claim for unjust enrichment or money had and received because they paid their fines under a mistake of law, without duress or fraud.[7] These claims will be dismissed.

C.      *Abuse of Process Claim*

Redflex asserts Count IV, a claim for abuse of process, should be dismissed because Redflex did not engage in any conduct which allegedly caused Plaintiffs to suffer injury, such as enacting or enforcing the ordinances. Plaintiffs argue they have sufficiently stated a claim for abuse of process because they have alleged the ordinances and/or collection procedure were illegal and they were damaged by Defendants.

In Missouri, a claim for abuse of process requires (1) defendant made an "illegal, improper, perverted use of process," (2) defendant had an improper purpose, and (3) damage resulted. *Simms v. Nationstar Mortg.*, 44 F. Supp. 3d 927, 939 (E.D. Mo. 2014) (citing *Stafford v. Muster*, 582 S.W.2d 670, 678 (Mo. 1979)). The test for abuse of process is "whether the process has been used to accomplish some end which is outside the regular purview of the process." *Id.* (quoting *Ritterbusch v. Holt*, 789 S.W.2d 491, 493 n.1 (Mo. 1990)). "Abuse of process is not appropriate where the action is confined to its regular function even if the plaintiff had an ulterior motive in bringing the action, or if the plaintiff knowingly brought the suit upon an unfounded claim. It is where the claim is brought not to recover on the cause of action stated, but to accomplish a purpose for which the process was not designed that there is an abuse of process." *Misischia v. St. John's Mercy Med. Ctr.*, 30 S.W.3d 848, 862 (Mo. Ct. App. 2000) *abrogated on other grounds by Ellison v. Fry*, 437 S.W.3d 762, 769-72 (Mo. 2014).

---

[7] The Court recognizes its decision in *Hug v. Am. Traffic Sols.* No. 4:14CV00138 ERW, 2014 WL 2611832 at *6-7 (E.D. Mo. Jun. 11, 2014) appears to be contrary. However, in *Hug*, the issue of unjust enrichment was raised through a motion to dismiss and the Court did not have the benefit of the agreement and the ordinances as it did in this matter.

Plaintiffs do not state a claim for abuse of process against Redflex. There are no facts in the complaint alleging Redflex made an illegal, improper, or perverted use of process. The only allegations regarding abuse of process are in Count IV in which Plaintiffs list the elements of an abuse of process claim. They do not allege facts to support their allegation of improper or illegal purpose held by Redflex. They do not allege the specific action Redflex took that constitutes use of process. In their brief, Plaintiffs assert the documents were written and sent by Redflex, but there are no facts in their Complaint to support such a statement. Further, the agreement between Hannibal and Redflex states Hannibal will prosecute any citations. ECF No. 20-1, § 3.4. Therefore, it is unclear what role, if any, Redflex played in instituting process against Plaintiffs. Count IV against Redflex for abuse of process will be dismissed.

D.    *Conspiracy Claim*

Redflex asserts Count V, a claim for civil conspiracy, should be dismissed because Plaintiffs fail to plead sufficient facts to support the elements of a conspiracy. Redflex argues Plaintiffs allege a meeting of the minds and an act in furtherance of the conspiracy with no facts to support these conclusions. Plaintiffs do not address Redflex's argument in its response brief.

In Missouri, a civil conspiracy is "an agreement or understanding between persons to do an unlawful act, or to use unlawful means to do a lawful act." *Gibson v. Brewer*, 952 S.W.2d 239, 245 (Mo. 1997). "A plaintiff must establish that two or more persons with an unlawful objective, after a meeting of the minds, committed at least one act in furtherance of the conspiracy, damaging the plaintiff." *Id*. Plaintiffs fail to properly plead a claim for civil conspiracy as their Complaint merely restates the elements of conspiracy. Plaintiffs must provide factual support of a meeting of the minds and the act in furtherance of the conspiracy. *Croskey v.*

17

*Cty of St. Louis*, No. 4:14CV00867 ERW, 2014 WL 3956617 at *5 (E.D. Mo. Aug. 13, 2014).

They have not done so. Therefore, this claim will be dismissed.

      *E.*      *Aiding and Abetting Claim*

      Redflex asserts Count VI, a claim for aiding and abetting, should be dismissed because the "concert of action" theory is not a separate tort and the "substantial assistance" theory has not been recognized in Missouri. Plaintiffs contend the Court should review case law from other districts and states to determine if their claim is viable. This Court extensively reviewed case law pertaining to aiding and abetting claims in Missouri in *Jo Ann Howard & Assoc., P.C. v. Cassity*, and came to the conclusion the Missouri Supreme Court would decline to adopt this substantial assistance theory of liability. No. 4:09CV01252, 2012 WL 3984486 at *5-10 (E.D. Mo. Sept. 11, 2012). Plaintiffs have failed to provide any case law which would change this conclusion. The only case they cite is from a Kansas State appellate court decided in 1991, which the Court does not find persuasive. Therefore, Plaintiffs' aiding and abetting claim on the basis of the "substantial assistance" theory will not stand.

      Plaintiffs' aiding and abetting claim on a "concert of action" theory also cannot support a claim. "The concert of action theory imposes liability upon 'all those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts done for their benefit . . .'" *Blaes v. Johnson & Johnson*, 71 F.Supp.3d 944, 947 (E.D. Mo. 2014) (quoting *Zafft v. Eli Lilly & Co.*, 676 S.W.2d 241, 245 (Mo. 1984)). The Missouri Supreme Court in *Zafft* rejected the notion a concert of action theory is separate from a conspiracy claim. *Id*. Instead, it is one element of a conspiracy claim. *Id.* at 248. Because

18

Plaintiffs cannot establish a claim under the two theories alleged in their Complaint, Plaintiffs'

aiding and abetting claim must fail as a matter of law.

  *F.*  *Unauthorized Practice of Law Claim*

   Redflex asserts Count VII, a claim for unauthorized practice of law or unauthorized doing

of law business, should be dismissed because Redflex did not engage in the law business and did

not engage in the practice of law. Redflex contends Plaintiffs cannot establish a claim for

unauthorized practice of law because Redflex was not paid any consideration for any alleged

legal advice. Plaintiffs argue a separate fee for legal advice is not required and Redflex engaged

in the law business and the practice of law by giving advice via its customer service line.

   Missouri Revised Statute § 484.010 defines the practice of law to be "the appearance as

an advocate in a representative capacity or the drawing of papers, pleadings or documents or the

performance of any act in such capacity in connection with proceedings pending or prospective

before any court of record, commissioner, referee or any body, board, committee or commission

constituted by law or having authority to settle controversies." It defines "law business" as "the

advising or counseling for a valuable consideration of any person, firm, association, or

corporation as to any secular law or the drawing or the procuring of or assisting in the drawing

for a valuable consideration of any paper, document or instrument affecting or relating to secular

rights or the doing of any act for a valuable consideration in a representative capacity, obtaining

or tending to obtain or securing or tending to secure for any person, firm, association or

corporation any property or property rights whatsoever." Mo. Rev. Stat. § 484.010.2. Missouri

Revised Statute § 484.020 permits a person to sue the individual or company engaging in the

unauthorized practice of law for treble the amount paid for the service rendered.

Plaintiffs, in their Complaint, allege Redflex engaged in the unauthorized practice of law or law business in the following manner: (1) advising Hannibal about setting up the program; (2) analyzing and making judgments regarding whether a violation occurred in situations captured on the cameras; (3) sending notices of violations; (4) collecting fines; (5) providing a customer service line; (6) encouraging individuals who received a citation to "simply pay the fine"; (7) acting as law enforcement officers in making the initial determination the ordinance had been violated; (8) receiving affidavits from car owners; (9) ruling on affidavits and other submissions from owners who allege they are not the driver at the time of the offense; and (10) accepting the plea of guilty and receiving the fines.

Plaintiffs claim for unauthorized practice of law fails because the allegations included in the Complaint do not constitute the practice of law. According to Missouri statutes, the practice of law can be one of the following (1) appearing as an advocate in a representative capacity, (2) drawing of papers, pleadings or documents, or (3) performing of any act in such capacity in connection with proceedings pending or prospective before a court or other body having authority to settle controversies. Mo. Rev. Stat. § 484.010.1. The only allegation of Plaintiffs which may possibly fit into one of these three categories is sending notices of violations. However, this was not done on behalf of Plaintiffs, but on behalf of Hannibal. Therefore, Plaintiffs can not claim damages for an unauthorized practice of law claim in which they were not the recipients of the legal work. Several of the other allegations may constitute "law business," such as providing advice to individuals who received a notice of violation, but these allegations do not fit into the definition of the practice of law. Therefore, Plaintiffs' claim as it relates to the unauthorized practice of law must be dismissed.

20

Plaintiffs' claim Redflex engaged in law business must also be dismissed because Plaintiffs fail to connect the fines paid with the alleged legal work. Plaintiffs must allege Redflex charged a fee for the legal work. *Binkley v. American Equity Mortgage, Inc.*, 447 S.W.3d 194, 198 (Mo. 2014). In *Schriener v. Quicken Loans, Incorporated*, plaintiff alleged he entered into an agreement with defendant, and defendant charged him for services rendered. No. 4:12CV1193 CDP, 2012 WL 6553830 at *2 (E.D. Mo. Dec. 14, 2012). The Court found his petition failed to connect the fees charged with the document preparation, as required to prove the unauthorized practice of law. *Id*. Similarly, Plaintiffs have failed to connect payment of a fine with alleged legal work provided by Redflex. Therefore, they cannot establish Redflex engaged in the law business and Count VII must be dismissed.

## IV.    CONCLUSION

Although Redflex is not entitled to application of the government contractor defense at this stage of the litigation because Plaintiffs have sufficiently alleged Redflex committed a willful tort, Plaintiffs' claims against Redflex fail for other reasons. Counts II through VIII of Plaintiffs' Amended Class Action Complaint against Redflex, claims for constitutional violations, unjust enrichment, abuse of process, civil conspiracy, aiding and abetting, unauthorized practice of law and money had and received, will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Redflex Traffic Systems, Inc.'s Motion for Judgment on the Pleadings [ECF No. 19] is **GRANTED, in part, and DENIED, in part**.

**IT IS FURTHER ORDERED** that Counts II, III, IV, V, VI, VII, and VIII of Plaintiffs' Amended Class Action Complaint [ECF No. 16] be DISMISSED, as to Defendant Redflex Traffic Systems, Inc.

So Ordered this 13th day of April, 2016.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**