UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| JACOB BLAIR, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 2:15CV00061 ERW |
| CITY OF HANNIBAL, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Redflex Traffic Systems, Inc.'s Supplemental Motion for Judgment on the Pleadings [ECF No. 55] and Redflex Traffic Systems, Inc.'s Motion to Strike Plaintiffs' Untimely Memorandum [ECF No. 64].

**I.    BACKGROUND**

Plaintiffs Jacob Blair and Sarah Blair ("Plaintiffs") filed a Class Action Complaint in this Court on August 25, 2015, against Defendants City of Hannibal ("Hannibal"), Redflex Traffic Systems, Inc. ("Redflex") and Does 1 through 24 alleging Hannibal's red light camera program is unconstitutional [ECF No. 1]. On November 16, 2015, Plaintiffs filed an Amended Complaint against Defendants asserting the following eight counts: (1) Declaratory Judgment and Injunction pursuant to Missouri Revised Statute § 527.010 *et seq*; (2) Violation of Plaintiffs' Constitutional Rights under the Fifth and Fourteenth Amendments of the United States Constitution and Article I § 10 of the Missouri Constitution; (3) Unjust Enrichment, (4) Abuse of Process; (5) Civil Conspiracy; (6) Aiding and Abetting against Redflex; (7) Damages for Violation of Missouri Revised Statute § 484.010, *et seq*, against Redflex; and (8) Money Had

1

and Received [ECF No. 16]. Counts II through VIII against Redflex, and all counts against Hannibal were dismissed when the Court granted previous motions for judgment on the pleadings filed by Defendants. Currently pending before the Court is Redflex's Motion for Judgment on the Pleadings seeking to dismiss Count I.

The Court adopts the following statement of facts as well-pleaded allegations in Plaintiffs' Complaint [ECF No. 16]. *Ginsburg v. Inbev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). On or about May 18, 2007, Hannibal and Redflex entered into a contract for Redflex to install and operate a red light camera system in Hannibal. In December 2011, Plaintiff Joseph Blair received a ticket as a result of the red light camera system, was issued a fine, and paid the fine. At the end of 2012, or beginning of 2013, Plaintiff Sarah Blair received a ticket as a result of the red light camera system, was issued a fine, and paid the fine. Defendants shared revenue of approximately $500,000 annually since 2007, a sum greater than the cost of the program.

Redflex played an integral role in the program including advising Hannibal about the program, analyzing and making judgments regarding whether a violation occurred, sending notices of violations, collecting fines, and providing a customer service line. Redflex advised persons who had received notices of violation to pay the fine. Redflex and its paid employees are not attorneys licensed in the State of Missouri.

On June 19, 2007, the Hannibal City Council passed Ordinance 4412 which allowed for detection of violations of traffic control ordinances through an automated red light enforcement

system.[1] On March 6, 2012, the Hannibal City Council revoked Ordinance 4412 and replaced it with Ordinance 4599 which governed the use of the automated red light enforcement system. On November 12, 2013, Hannibal City Council revoked Ordinance 4599 and replaced it with Ordinance 4652 to govern the use of the automated red light enforcement system.[2]

In Count I, Plaintiffs seek a declaratory judgment against Redflex concerning the following: (1) whether the ordinance is void because it conflicts with Missouri state law; (2) whether Hannibal had authority to enact the ordinance; (3) whether Defendants circumvented Missouri state laws mandating the assessment of points for moving violations; (4) whether Defendants have authority to reclassify violations of red light traffic signals as non-moving infractions; (5) whether it is lawful for Hannibal to create a rule of evidence in the ordinance by establishing liability based on vehicle ownership; (6) whether Defendants can lawfully prosecute vehicle owners if the owner was not driving at the time of the violation; (7) whether the ordinance or Defendants' conduct violates the Missouri Constitution or the United States Constitution when compelling the accused to testify to prove their innocence; (8) whether the ordinance or Defendants' conduct violates the Missouri Constitution or United States Constitution by depriving Plaintiffs of due process of law; (9) whether the ordinance is invalid because it is for the purpose of generating revenue; (10) whether the ordinance or Defendants' conduct violates public policy; (11) whether the continuous monitoring by the program constitutes an unreasonable search made without probable cause; and (12) whether Plaintiffs are entitled to recover the fine payments made pursuant to the void ordinance.

---

[1] These facts are not in Plaintiffs' complaint but are contained in the Ordinances. The Court is permitted to take judicial notice of public records and consider them on this motion. *See Blankenship v. Medtronic Inc.*, 6 F.Supp.3d 979, 983 n.1 (E.D. Mo. 2014).

[2] The Court will refer to the red light system created in the Ordinances and administered by Hannibal and Redflex as the red light program.

## II.     STANDARD

Generally, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a 12(b)(6) motion to dismiss. *Ginsburg,* 623 F.3d at 1233, n. 3; *Clemons v. Crawford,* 585 F .3d 1119, 1124 (8th Cir. 2009); *Ashley County v. Pfizer,* 552 F.3d 659, 665 (8th Cir. 2009). The Court must view the allegations in the Complaint liberally and in the light most favorable to Plaintiffs. *Eckert v. Titan Tire Corp.,* 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto. Servs,,* 432 F.3d 866, 867 (8th Cir. 2005)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta,* 410 F.3d 1036, 1039 (8th Cir. 2005). A complaint must have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson,* 355 U.S. 41, 45–46 (1957)). To prove the grounds for entitlement of relief, a plaintiff must provide more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.,* 550 U.S. at 555; *Huang v. Gateway Hotel Holdings,* 520 F.Supp.2d 1137, 1140 (E.D.Mo. 2007).

"[T]he Court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint.'" *State ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir. 1999). Additionally, the Court may consider materials that are "necessarily embraced by the pleadings." *Piper Jaffray Cos. v. National Union Fire Ins. Co.,* 967 F. Supp. 1148, 1152 (D.Minn. 1997); *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

## III.    DISCUSSION

Redflex asserts Count I must be dismissed because Plaintiffs' opportunity to appear in municipal court and challenge Hannibal's ordinance and procedures provides a complete, adequate remedy at law. Plaintiffs argue there was never an opportunity to dispute Redflex's involvement at a municipal hearing because Redflex would not have been a party to the hearing.

Central to Count I is Plaintiffs' request Hannibal's ordinance be declared void and unenforceable. For Plaintiffs to get the relief they request in each part of Count I, the Court must find the ordinance void. However, Hannibal, the party who created the ordinance and is charged with enforcing the ordinance, is no longer a party to the case. Therefore, the issue before the Court is not whether there is an adequate remedy at law but rather, whether the Court can redress Plaintiffs' injury. If the Court is unable to redress the injury, it lacks standing and the matter must be dismissed.

"To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision." *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (internal quotations omitted). By the mere bringing of his suit, every plaintiff demonstrates his believe that a favorable judgment will make him happier . . . [but] psychic satisfaction is not an acceptable Article III remedy because it does not redress a cognizable Article III injury. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107 (1998). "It is substantially more difficult for a petitioner to establish redressability where the alleged injury arises from" a third party not before the Court. *Robbins v. U.S. Dept of Housing & Urban Dev.*, 72 F.Supp.3d 1, 7 (D.D.C. 2014).

The Court cannot redress Plaintiffs' injury because Hannibal is not before the Court. If the Court were to grant the declaratory judgment, it would not be enforceable against Hannibal

5

and Plaintiffs' injury, the payment of an allegedly unconstitutional ticket, would not be redressed. Courts cannot issue advisory opinions, which is what would occur here because a finding the ordinance is unconstitutional would be entered only against Redflex. Hannibal would be able to proceed operating the program and the ordinance would need to be challenged against Hannibal in an additional court proceeding.

Plaintiffs' argue the declaratory judgment also asks for recovery of the payments made under the ordinance which Redflex could disgorge. However, Plaintiffs have not asserted any legal authority which would allow the Court to award these payments as damages. All of Plaintiffs counts under which they could seek damages, including unjust enrichment and money had and received, have been dismissed. In their briefs and at oral argument, Plaintiffs asserted many arguments and facts in support of denying the Motion which are not contained in their Amended Complaint. The Court cannot consider these because they are outside the pleadings. "[T]he Court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint.'" *State ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir. 1999).

The relief requested under the declaratory judgment requires Hannibal to be a party to this action. "Where the prospect of effective relief against a defendant depends on the actions of a third party, no justiciable controversy exists against that defendant." *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 101 (1978) (J. Rehnquist concurring) (citing *Warth v. Seldin*, 422 U.S. 490, 505 (1975)). Therefore, Count I against Redflex must be dismissed for lack of standing.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Redflex Traffic Systems, Inc.'s Motion for Judgment on the Pleadings [ECF No. 55] is **GRANTED, in part, and DENIED, in part**.

**IT IS FURTHER ORDERED** that Count I of Plaintiffs' Amended Class Action Complaint [ECF No. 16] be DISMISSED, as to Defendant Redflex Traffic Systems, Inc.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Supplemental Brief [ECF No. 65] is **GRANTED**.

**IT IS FURTHER ORDERED** that Redflex Traffic Systems, Inc.'s Motion to Strike Plaintiffs' Untimely Memorandum [ECF No. 64] is **DENIED**, as moot.

So Ordered this 15th day of December, 2016.

*E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**